By the Court—Robertson, J.
This case turns upon the solution of two questions:
First. Whether the entry of a judgment in favor of the defendants in the two actions mentioned in the agreement in question, before the 1st of Eebruary, 1861, was a condition precedent to the plaintiff’s right to the bond of the defendant therein specified.
Second. Whether such condition was waived.
The reasons for not considering the entry of such judgment by the day fixed to be a condition are numerous and weighty. No qualification of such time is expressly affixed to the giving of the bond, the only condition attached is “ in case the judgments in both actions are in favor of the defendants.” The stipulation as to the time of entering the judgment is entirely separate and independent, and applies as well to a judgment in favor of the plaintiffs as of the defendants; no duty is imposed upon either of entering it up. At all events, it hardly contemplated the entry by the plaintiffs, of a judgment-in favor of the defendants, after a trial, so as to give the present plaintiff a right to such bond. If the object had been simply to facilitate the defendants in such actions, in obtaining judgment in their favor, it is difficult to conceive why both parties were to remain exposed to the hazard of a litigation. An immediate retraxit would have answered every purpose of that kind. The right to go on in such actions and endeavor to make the defendants liable, was evidently retained, therefore, for *74 the plaintiff’s benefit, as was also- his right to the bond, if defeated. Yet, the prospect of getting such bond was held out as an .inducement for him to relax his efforts. He could make his election at any time to abandon his action, or his right to the bond of the defendant. • If it was within the duty and power of any one, therefore, to expedite the judgments, in order to complete the obligation to give the bond, it was that of the plaintiff.
Even if such stipulation, however, had expressly required the plaintiff to procure such judgments to be entered by a fixed day, unless the giving of such bond was made expressly to depend on that act, it would not be a condition precedent. Most of the cases in regard to the independence of such stipulations have arisen on charter-parties or agreements to pay freight. An agreement by the plaintiff that his vessel should sail by the next wind, was held on demurrer to the defendant’s plea of his not so sailing, not to make his so sailing a condition precedent to a right to a sum of money agreed to be paid by the defendant, if he went such voyage and returned. (Constable v. Cloberry, Palm., 397; Bornmann v. Tooke, 1 Camp., 377). A like decision was made in regard to an agreement to sail by the first convoy, where the defendant’s agreement was in consideration of “everything before mentioned.” (Davidson v. Gwynne, 12 East, 381.) A like decision had been made in regard to an agreement to sail on or before a certain day. (Hall v. Cazenove, 4 East, 476.) .It was noticed, in the case from Palmer, that the words were not “if the plaintiff would sail by the next wind” the defendant would pay. In Davidson v. Gwynne, (ubi sup.,) it was said that the voyage was the main object, and the sailing by the first convoy a mere covenant sounding in damages, which was also the view taken in Hall v. Cazenove, (ubi sup.) In the present case, the rendering judgment for the defendants is evidently, as well as expressly, the main object and consideration for giving the bond. The time is a mutual covenant, the only sanction for which is, either giving damages or power of resisting a postponement.
*75 Another consideration which strengthens this view is that, besides the recovery of judgment by the defendants, the plaintiff was to pay the costs of the suits, and deposit certain securities with a third party, (Mr. Butler,) to become the defendant’s property. ¡No time was fixed for those acts, and, unless the defendants succeeded, the plaintiff was not bound to do them at all. He clearly was under no obligation to do them by the first of February; yet they were as much rendered conditions precedent, as the recovery of the judgment. Doing within a reasonable time is not sufficient, since the defense is the failure to enter on the exact day. ,The entry of such judgments, after the day fixed, clearly could not preclude the plaintiff from all rights under the agreement, since the mere entry at any time secured under it the defendant’s right to indemnity against the claims in such actions. (Kingdon v. Cox, 2 C. B., 661; 15 L. J., [C. P.,] 95; Payne v. Banner, 15 L. J., [N. S.,] 227.) Time, therefore, could only have been.of the essence of the contract, if it had been entire and indivisible that the bond was only to be given in case the plaintiff .procured judgments, to be entered against Mm and his co-plaintiffs, paid the expenses, and transferred the securities by the day fixed. (Addison on Cont., [2 Am. ed.,] 875.) As the contract stood, it was not.
I do not see that the plaintiff’s want of original ownership of the claims sued, on, the effect of such actions on the defendant’s standing, or that of his firm, can have any bearing on the rights of the parties. The right to buy and collect notes was a legal one. If a speedy determination of such actions was important to the defendant, he should have served it by an agreement more effectual for that purpose, or by pressing it on. If he-is injured, and the stipulation be one on which an action can be maintained, he has his remedy for it. As things occurred, he acquiesced in a delay from December to April, without a movement on his part. The illness of his adversary’s counsel was no excuse for his delay.
Unless the record in such former actions be evidence of *76 a waiver of any condition, (Cutler v. Wright, 22 N. Y. R., 472,) the evidence of it is slight. There is no precision in the testimony of the plaintiff’s attorney as to the time of his notifying the attorney for the defendant, of his proceeding under the agreement in question. The payment of the Referee’s fees was a voluntary act, and it does not appear by whom the judgments were entered up. If, by the defendants, it might amount to a waiver, upon the principle of Havelock v. Geddes, (10 East, 564,) where employing a vessel, before the acts required to put her in a certain condition were done, was held to be a waiver of the doing of such acts as a condition precedent to such employment.
The agreement to transfer, or indemnify the defendants against, claims amounting to $106,000, was a sufficient consideration for the promise to give the bond. If the defendant succeeded in procuring the recovery of judgments in his own favor, he was entitled, under such agreement, to such transfer, upon tendering such bond, which was of far less amount, without regard to the' time of recovering such judgments. It was, in'fact, a stipulation not to appeal; the entry of the judgments was to be sufficient, and the defendants could have enforced the contract forthwith. Bor is it sound to say that if judgment went for the defendant, there was nothing left for him to settle. The plaintiff would have still retained his claim for a share of the estate, against the partners and assignee of the defendant, which would, in this case, become the property of the defendant by such transfer.
I do not find in such agreement any of the elements of a perversion or obstruction of justice, or the due administration of the laws. The parties to an action have a right to dispose of any rights to result from it, as they may think proper. The plaintiff had a right to agree to allow judgment to be taken against him by default, or on an omission to sustain his claim. The defendant had a right to agree to hold out to him the prospect of receiving his bond, as an inducement for the plaintiff to relax his efforts, and *77 both parties had a right to agree to make the exchange of securities for such bond depend on the result of such action.
The foregoing views would be sufficient to enable the plaintiff to recover in an action at law against the defendant the value of the bond, as damages for not performing his agreement. He has also a right to join the equitable action, to compel the execution of the bond with the legal one for damages upon it, if executed according to the terms of the agreement. (N. Y. Ice Co. v. N. Western Ins. Co., 23 N. Y. R., 357. For these reasons, the judgment must be reversed, and a new trial had. The costs are to abide the event.